AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Ohio

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Jackson Matthew Sawall | Case Number:  2:22-cr-019-3 |
| | USM Number:  87777-509 |
| | Soumyajit Dutta, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1 of the Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§2339A(a), | Conspiracy to Provide Material Support to Terroirists | 3/31/2020 | 1 |
| 2332b(g)(5)(B), and | | | |
| 3583(j) | | | |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/12/2024
Date of Imposition of Judgment

s/James L. Graham
Signature of Judge

James L. Graham, United States District Judge
Name and Title of Judge

4/12/2024
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: Jackson Matthew Sawall
CASE NUMBER: 2:22-cr-019-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___8___

DEFENDANT:   Jackson Matthew Sawall
CASE NUMBER:   2:22-cr-019-3

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Thirty (30) years.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

                                                        Judgment—Page    4    of    8

DEFENDANT:   Jackson Matthew Sawall
CASE NUMBER:  2:22-cr-019-3

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3D — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:  Jackson Matthew Sawall
CASE NUMBER:  2:22-cr-019-3

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the U.S. Probation Office. The defendant shall consent to the installation of computer monitoring software on all identified computers and devices capable of accessing the internet to which the defendant has access. The defendant will seek prior approval from the U.S. Probation Office before acquiring any new devices to ensure that the device is compatible with the monitoring program. The software may restrict and/or record all activity on the computer/device, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer/device as the time of installation to warn others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software, to include the use of any services designed to disguise, mask, or anonymize the defendant's online activity.

2. The defendant shall refrain from knowingly meeting or communicating with any person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity and any persons who are or claim to be, involved with violent acts, or advocating for acts of violence.

3. The defendant shall not engage in the use of online encrypted communications platforms, or any online communication platform, that cannot be monitored by the U.S. Probation Office, absent prior approval by the U.S. Probation Office.

4. To the extent the defendant is relieved of his obligations under the Computer and Internet Monitoring Program at any point during the supervised release, the defendant must provide notice to the U.S. Probation Office within 24 hours of opening any new online or communication accounts, including email, social media, instant messaging, electronic communications, chat accounts or services, or other accounts that allow the defendant to communicate through electronic devices or online. The defendant further agrees that his information can be shared with the U.S. Attorney's Office.

5. The defendant shall consult with the U.S. Probation Office or petition the Court if he does not know, cannot determine, or has any questions about whether an online site, service or application is approved for him to access or use (directly or indirectly).

6. As part of the Computer and Internet Monitoring Program, the defendant shall allow U.S. Probation Officers to search without a warrant and without cause (including but not limited to a forensic examination) and capture evidence of violations from any communication device (telephones, tablets, computers, or devices with internet access or communication capabilities) email accounts, social media accounts, instant messaging accounts, or electronic communication accounts within the possession, custody, or control of the defendant up to four times per month between 6:00am and 10:00pm for the duration of the period of supervised release.

7. The defendant shall attend violent extremism counseling from providers directed by the U.S. Probation Office, and agreed to by the U.S. Probation Office, the U.S. Attorney's Office for the Southern District of Ohio, and the defendant. The defendant shall also authorize the release of any mental health and/or violent extremism counseling records to the U.S. Probation Office, the U.S. Attorney's Office for the Southern District of Ohio, and the Federal Bureau of Investigation's Behavioral Analysis Unit.

8. The defendant shall participate in a mental health treatment program, which may include the use of prescription medicines. The mental health treatment program shall specifically address defendant's history of association with violent, extremist activities and also his history of aberrant and violent thoughts, including homicidal and suicidal ideations. The length of treatment shall be so long as the U.S. Probation Office determines, but in no event less than 5 years.

9. The defendant shall be required to maintain employment.

10. The defendant shall perform 500 hours of community service throughout the first five years of supervised release as directed by the U.S. Probation Office.

11. The defendant shall be required to submit to periodic polygraph testing at the direction of the U.S. Probation Office as a means to ensure that he is in compliance with the requirements of his supervision and/or treatment program.

12. The defendant shall not view and/or possess physical or electronic materials that reflect extremist or terroristic views, such as racially motivated violent extremism material.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 4D — Probation

Judgment—Page ___6___ of ___8___

DEFENDANT:   Jackson Matthew Sawall
CASE NUMBER:   2:22-cr-019-3

## SPECIAL CONDITIONS OF SUPERVISION

13. The defendant shall not view and/or possess physical or electronic materials that reflect severely deviant interests, views, or behaviors, including those which are violently antisocial, sexually violent, sado-masochistic, or cannibalistic.

14. The defendant shall not seek modification of the conditions related to the U.S. Probation Office's search authority and the Computer and Internet Monitoring Program for at least the first 120 months of his term of supervised release.

15. The defendant shall participate in the ( ) Curfew, (X) Home Detention, ( ) Home Incarceration (choose one) component of the location monitoring program for a period of 365 days. The defendant shall be required to remain in his residence unless given permission in advance by the probation officer for approved activities. The defendant shall be monitored by the use of:

   (X) Location monitoring technology at the discretion of the officer
   ( ) Voice Recognition
   ( ) Radio Frequency (RF) Monitoring
   ( ) Passive GPS Monitoring
   ( ) Active GPS Monitoring (including "hybrid" GPS)

The defendant shall abide by all of the requirements established by the probation office related to the use of this location monitoring technology. The participant shall pay all or part of the costs of location monitoring based on his ability to pay as determined by the probation officer.

16. The Court hereby retains jurisdiction to modify the terms and conditions of supervised release based on changed circumstances.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

Judgment — Page    7    of    8

DEFENDANT: Jackson Matthew Sawall
CASE NUMBER: 2:22-cr-019-3

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $                     0.00 | $                     0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐  the interest requirement is waived for the    ☐  fine    ☐  restitution.

　　☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:  Jackson Matthew Sawall
CASE NUMBER:  2:22-cr-019-3

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __60__ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:
While incarcerated, if the defendant is working in a non-UNICOR or grade 5 UNICOR job, defendant shall pay $25.00 per quarter toward defendant's restitution obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward the defendant's restitution obligation. Any change in this schedule shall be made only by order of this Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The defendant shall abandon any interest in the items listed in Forfeiture Allegations A and B of the Information.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.